UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE APPLICATION OF USA PURSUANT       )        ML No:  24-0168
TO 18 U.S.C. § 3512 FOR ORDER FOR       )
COMMISSIONER'S APPOINTMENT FOR          )
FRAUD INVESTIGATION                     )
_____ )

*Reference:      DOJ Ref. # CRM-182-86341*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel,

respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512,

appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International

Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently

designated by the Office of International Affairs), as a commissioner to collect evidence and to

take such other action as is necessary to execute this and any subsequent, supplemental requests

for assistance with the above-captioned criminal matter from Croatia.  In support of this

application, the United States asserts:

RELEVANT FACTS

1.      The Central Authority of Croatia, the Ministry of Justice, submitted a request for

assistance (Request) to the United States, pursuant to the principles of comity and reciprocity.

2.      As stated in the Request, the Municipal State Attorney's Office in Bjelovar,

Croatia, is investigating unknown subject(s) for fraud, which occurred from December 2018

through September 2020, in violation of the criminal law of Croatia, specifically, Article 236 of

the Criminal Code of Croatia.  Although the United States has no treaty obligation to assist

Croatia, it generally does so as a matter of comity.

3.      According to Croatian authorities, in December 2018, the victim accepted a friend

request on a social media application from an individual using the name Frank Ramsey

(Ramsey).  The victim and Ramsey communicated via messaging applications and email, and the

victim believed she was communicating with a work colleague she claimed was her ex-

boyfriend.[1]  The victim informed Croatian authorities that she believed this because she had

spoken to a colleague about hoping that her ex-boyfriend would not join the military and soon

thereafter she was contacted by Ramsey, who said he was in the military, was sick, and needed

an operation.  She thought it was too much of a coincidence for Ramsey not to be her ex-

boyfriend.  The victim claimed that when she asked the person she believed to be her ex-

boyfriend why they were corresponding in that way, he responded that it was how it had to be

done.  The victim thought that she and her purported ex-boyfriend would reconcile, and that they

planned to buy a house together.

4.      In January 2019, Ramsey sent the victim a message stating that she had to transfer

money to him if she wanted to be his fiancée so that he could buy them a house.  Believing that

she and her ex-boyfriend were getting back together, that the message was part of his

"procedure," and that after transferring the money her ex-boyfriend would become her husband,

the victim transferred a total of USD 50,000 into various accounts as specifically instructed by

Ramsey.  When the victim questioned why she needed to make payments to individuals she did

---

[1] Croatian authorities interviewed the "ex-boyfriend" and he claimed he had worked with the victim but was never in a relationship with her nor did he communicate with her through any social media applications or online profiles.  This individual stated that he had exchanged a few business messages with the victim and she then believed they were in a relationship.  He further advised that people at work have stated that the victim suffers from mental illness.

not personally know in several accounts, Ramsey told her that it was how it had to be done without any further explanation.  On January 4, 2019, the victim made a payment in the amount of USD 3,500 to J.P. Morgan Chase Bank, N.A. account number XXXXX9125 in the name of Laura R. Rice-Hall, located in the United States.  On January 17, 2019, the victim paid USD 2,500 to J.P. Morgan Chase Bank, N.A. account number XXXXX2100 in the name of Mark Long, also located in the United States.  Additionally, on January 23, 2019, the victim made a final payment of USD 45,000 to Citibank, N.A. bank account number XXXXXX2935, located in the United States.  The victim claims that she received friend requests from a profile in the name of "Frank Ramsey" in 2022, but otherwise has not had any contact with Ramsey after she transferred funds to his accounts.

5.      To further the investigation, Croatian authorities have asked U.S. authorities to provide bank records pertaining to J.P. Morgan Chase Bank, N.A. account numbers XXXXX9125 and XXXXX2100, and Citibank, N.A. bank account number XXXXXX2935.

<u>LEGAL BACKGROUND</u>

6.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

*                    *                    *

[A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.

*                            *                         *

The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

7.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

8.      An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request and

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 ("commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

executes the request itself or delegates execution to another attorney for the government.[4]  Upon

such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders

as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R.

Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers

or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the

taking of testimony or statements and/or the production of documents or other things.  See

18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures

to facilitate the execution of the request, including any procedures requested by the foreign

authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

9.     Section 3512 also authorizes any person appointed to direct the taking of

testimony or statements and/or the production of documents.  The appointed person has authority

to: (1) issue an order requiring a person to appear and/or to produce documents or other things;

(2) administer any necessary oaths; and (3) take testimony or statements and receive documents

or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or to produce

documents or other things, the person appointed, commonly referred to as the "commissioner,"

typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be

served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

---

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

<u>REQUEST FOR ORDER</u>

10.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, and seeks assistance in the investigation of fraud – a criminal offense in Croatia.  The requested Order is necessary to execute the Request, and the assistance requested, <u>i.e.</u>, the production of bank records, falls squarely within that contemplated by Section 3512.  Finally, this application was properly filed in the District of Columbia.

11.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.

12.     When executing a foreign request for assistance in a criminal matter, Section 3512 authorizes the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (<u>i.e.</u>, grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner's subpoenas issued in execution of a foreign request pursuant to Section 3512 likewise should require no notice other than to the recipients.  This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance.  <u>Young v. U.S. Dept. of Justice</u>, 882 F.2d 633, 639 (2d Cir. 1989), <u>cert. denied</u>, 493 U.S. 1072 (1990); <u>In re Letters of Request from the Supreme Court of Hong Kong</u>,

821 F. Supp. 204, 211 (S.D.N.Y. 1993); <u>In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti</u>, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner's subpoena.

13.     Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Michael E. Eaton, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By:   _____
Michael E. Eaton
Trial Attorney
CT Bar Number 418893
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W.
Washington, D.C. 20530
(202) 616-2706
Michael.E.Eaton@usdoj.gov